UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABACUS GUARDIANSHIP, INC., | CASE NO. C21-0921JLR |
| Plaintiff, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

### I.   INTRODUCTION

Before the court is Defendant the United States of America's ("the Government") motion for judgment on the pleadings. (Mot. (Dkt. # 15); *see also* Reply (Dkt. # 18).) Plaintiff Abacus Guardianship, Inc. ("Abacus") opposes the motion. (Resp. (Dkt. # 16).) The court has considered the motion, the parties' submissions in support of and in opposition to the motion, the relevant portions of the record, and the applicable law.

ORDER - 1

Being fully advised,[1] the court DENIES the Government's motion for judgment on the pleadings.

## II. BACKGROUND

Abacus is the full guardian of the person and estate of Melvin F. Daniel, a 72-year-old incapacitated veteran who has "numerous medical and psychological challenges," including Parkinson's disease, post-traumatic stress syndrome ("PTSD"), cognition impairment, chronic obstructive pulmonary disease ("COPD"), and diabetes. (Am. Compl. (Dkt. # 13) ¶¶ 1, 7; *see* Maleski Decl. (Dkt. # 17) ¶ 3, Ex. A ("Guardianship Order")[2].) It alleges that the Government, through the Department of Veterans Affairs ("VA"), negligently placed Mr. Daniel in an unlicensed adult family home where he was tortured and subjected to financial exploitation. (Am. Compl. ¶¶ 27-40.) The court sets forth the relevant factual and procedural background below.

### A. Factual Background[3]

Mr. Daniel is a Vietnam veteran and vulnerable adult who has been removed from three adult family homes due to behavioral issues such as smearing feces on the walls and

---

[1] Neither party requests oral argument (*see* Mot. at 1; Resp. at 1), and the court concludes that oral argument would not be helpful to its disposition of the motions. *See* Local Rules W.D. Wash. LCR 7(b)(4).

[2] The court considers the Guardianship Order because (1) Abacus's amended complaint necessarily relies on it and (2) it is a matter of public record for which the court may take judicial notice. See *United States v. Corinthian Colls.*, 655 F.3d 984, 998 (9th Cir. 2012); *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001).

[3] For purposes of this motion, the court accepts as true the facts alleged in Abacus's complaint and draws all reasonable inferences in Abacus's favor. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

breaking furniture. (Am. Compl. ¶ 7.) He also has PTSD and can have hallucinations and nightmares. (*Id.*) On June 15, 2017, Mr. Daniel was admitted to the VA Hospital of Puget Sound after living in an adult family home in Federal Way, Washington. (*Id.* ¶ 8.) The VA began to look for alternative housing for Mr. Daniel; it noted that he was a "challenging placement" due to his behavioral issues and "high fall risk." (*Id.* ¶ 9.)

On June 28, 2017, Mr. Daniel's social worker wrote that the West Seattle Adult Family Home ("West Seattle AFH") had an opening for private placement. (*Id.* ¶ 10.) The West Seattle AFH was owned by Robert Crawford who, Abacus alleges, had a "history of financially exploiting seniors and had previously been investigated by Adult Protective Services [("APS")] and other agencies" for "financially exploiting vulnerable adults." (*Id.* ¶¶ 11-12.) According to Abacus, the VA "did nothing to investigate the placement with Mr. Crawford or West Seattle [AFH]; failed to contact APS to determine if [Mr.] Crawford had been the subject of previous investigation; failed to ensure that the West Seattle [AFH] was appropriately licensed; and otherwise failed to investigate the safety of the placement for [Mr.] Daniel who is a vulnerable adult." (*Id.* ¶ 14.) On June 30, 2017, the VA discharged Mr. Daniel to West Seattle AFH. (*Id.* ¶ 15.)

On January 13, 2019, Mr. Crawford brought Mr. Daniel to the VA Hospital. (*Id.* ¶ 19.) Mr. Daniel had "severe burns on the side of his stomach and on his shoulder and what looked to be restraint marks on his wrist." (*Id.*) Mr. Crawford indicated that the burns resulted from a fall on a space heater. (*Id.*) Hospital records, however, state that the burns "were not consistent with a fall on a space heater, and instead, that the burns most likely occurred over a period of time, due to healing patterns indicating that the

burns were in different stages of healing" and that "he was burned repeatedly over a longer period of time." (*Id.*)  Mr. Crawford also did not explain the presence of the restraint marks.  (*Id.*)

On March 13, 2020, the King County Superior Court issued an order appointing Abacus as full guardians of the person and estate of Mr. Daniel.  (*Id.* ¶ 22; *see also* Guardianship Order.)  The court found that Mr. Daniel was incapacitated and authorized Abacus to investigate the claims and allegations against Mr. Crawford, the West Seattle AFH, and the VA.  (Am. Compl. ¶ 22; Guardianship Order.)  The court subsequently authorized Abacus to litigate this matter.  (Am. Compl. ¶ 22.)

On June 19, 2020, APS filed an order of protection against Mr. Crawford "to prevent his further contact and abuse of [Mr.] Daniel."  (*Id.* ¶ 23.)  On July 7, 2020, Abacus filed a federal tort claim against the VA, which the VA received on July 10, 2020.  (*Id.* ¶¶ 5, 24.)  The tort claim alleged "discharge to an unlicensed adult family home resulting in Mr. Daniel's being subjected to financial exploitation, personal exploitation, mental abuse, physical abuse, and improper restraint."  (*Id.* ¶ 24.)  The tort claim was constructively denied on January 8, 2021.  (*Id.* ¶¶ 5, 26.)

**B.    Procedural Background**

Abacus filed its original complaint in this matter on July 9, 2021.  (Compl. (Dkt. # 1).)  It alleged a claim of negligence against the Government and the VA pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, arising from the VA's decision to discharge Mr. Daniel to the West Seattle AFH and the harms Mr. Daniel suffered as a result.  (*See generally id.*)  On December 13, 2021, the court granted the parties'

stipulated motion to allow Abacus to amend its complaint to remove the VA as a defendant and to add and correct certain factual allegations. (*See* Stip. (Dkt. # 11); 12/13/21 Order (Dkt. # 12); Am Compl.) The Government answered the amended complaint on December 27, 2021. (Am. Ans. (Dkt. # 14).) It filed the instant motion for judgment on the pleadings on January 11, 2022. (*See* Mot.)

### III. ANALYSIS

The Government asserts that the court must grant its motion for judgment on the pleadings because the amended complaint does not allege facts sufficient to establish that Mr. Daniel and Abacus timely exhausted their administrative remedies under 28 U.S.C. § 2401(b),[4] which prescribes a two-year time limit for submitting an administrative tort claim. (Mot. at 1.) Rather, according to the Government, Abacus's claims on behalf of Mr. Daniel are barred because the allegations in the amended complaint show that Abacus did not submit an administrative tort claim for over three years after the VA allegedly negligently discharged Mr. Daniel to the West Seattle AFH. The court first sets forth the standard of review, then proceeds to analyze the Government's motion.

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact

---

[4] This section provides, in relevant part, that "a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." *Id.*

ORDER - 5

remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990). The standard for dismissing claims under Rule 12(c) is "substantially identical" to the Rule 12(b)(6) standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although not a "probability requirement," this standard asks for "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"A claim may be dismissed under Rule 12[(c)] on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank,* 465 F.3d 992, 997 (9th Cir. 2006)). "'[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Id.* (quoting *Supermail Cargo, Inc. v. U.S., 68* F.3d 1204, 1206 (9th Cir. 1995)).

"Under the FTCA, a tort claim against the United States is barred unless it is presented in writing to the appropriate federal agency 'within two years after such claim accrues.'" *Winter v. United States*, 244 F.3d 1088, 1090 (9th Cir. 2001) (quoting 28 U.S.C. § 2401(b)). Here, Abacus filed its tort claim on behalf of Mr. Daniels on July 7, 2020. (Am. Compl. ¶ 24.) Accordingly, its claims are barred by the statute of limitations if they accrued before July 7, 2018.

The date on which an FTCA claim accrues is determined by federal law. *Tunac v. United States*, 897 F.3d 1197, 1206 (9th Cir. 2018). "In a medical malpractice case under the FTCA, a claim accrues when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its cause." *Id.* (quoting *Landreth ex rel. Ore v. United States*, 850 F.2d 532, 533 (9th Cir. 1988)). "The plaintiff need not know who caused the injury or that the injury was caused by negligence in order for the claim to accrue." *Id.* (internal citations omitted). In other words, the claim accrues when a plaintiff "has knowledge of the injury and its cause, and not when the plaintiff has knowledge of legal fault." *Id.* (quoting *Rosales v. United States*, 824 F.2d 799, 805 (9th Cir. 1987)).

The Government contends that the claim accrued in June 2017, when the VA allegedly negligently placed Mr. Daniel at the West Seattle AFH. (Mot. at 3.) Abacus counters that the claim did not accrue until Mr. Daniel's injuries—burns, torture, abuse, and financial exploitation—were discovered upon his readmission to the VA hospital in January 2019. (Resp. at 5.) The court agrees with Abacus. Abacus plausibly alleges that Mr. Daniel was an incapacitated and vulnerable adult (Am. Compl. ¶¶ 1, 7-8); that he has

had serious behavioral issues that have resulted in difficulty maintaining his placement in multiple adult family homes since at least 2017 (*id.* ¶ 7); that Mr. Crawford brought Mr. Daniel to the VA hospital on January 13, 2019, with physical injuries—some recent and others in the process of healing—that Mr. Crawford did not adequately explain (*id.* ¶¶ 19-20); that Abacus was appointed Mr. Daniel's guardian in March 2020 (*id.* ¶ 22); and that Abacus filed a tort claim on behalf of Mr. Daniel on July 7, 2020—less than eighteen months after Mr. Daniel was readmitted to the VA with serious injuries (*id.* ¶ 24). Taking these alleged facts as true and drawing all reasonable inferences from those facts in Abacus's favor as it must, the court cannot say that "the running of the [FTCA] statute [of limitations] is apparent on the face of the complaint." *Von Saher*, 592 F.3d at 969. Therefore, the court DENIES the Government's motion for judgment on the pleadings.[5]

### IV.   CONCLUSION

For the foregoing reasons, the court DENIES the Government's motion for judgment on the pleadings (Dkt. # 15).

Dated this 8th day of February, 2022.

JAMES L. ROBART
United States District Judge

---

[5] Because the court finds that Abacus has plausibly alleged the timely filing of its tort claim, it need not reach the parties' arguments regarding equitable tolling.